UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN BECK, as Personal Representative of the Estate of Tawny Johnson, deceased; and KAREN BECK, as Guardian Ad Litem for SAVANNAH JOHNSON, and SAMANTHA HOINES, minors,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS VAN EATON and LOUISE VAN EATON, a marital community; LOWER ELWHA HEALTH CLINIC, an unknown business entity; OLYMPIC MEDICAL CENTER, a Washington Corporation; and SOPHIE TRETTEVICK INDIAN HEALTH, CENTER, and unknown business entity,<br><br>Defendants. | Case No. C06-5460 RJB<br><br>ORDER ON UNITED STATES' MOTION TO SUBSTITUTE THE UNITED STATES AS THE SOLE DEFENDANT AND TO DISMISS FOR FAILURE TO FILE A CLAIM |

This matter comes before the Court on the United States' Motion to Substitute the United States as the Sole Defendant and to Dismiss for Failure to File a Claim (Dkt. 5-1). The Court has considered the pleadings filed in support of the motion and the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complaint alleges that Tawny Johnson received negligent medical care from defendants Thomas Van Eaton, Elwha Clinic, Olympic Medical Center, and Trettevick Clinic and died as a result.

ORDER
Page - 1

Dkt. 1 at 8-11. The plaintiffs moved for a voluntary non-suit against defendant Olympia Medical Center in Pierce County Superior Court, and the motion was granted. Dkt. 4 at 14.

On August 14, 2006, the defendants filed a notice of removal. Dkt. 1. Pursuant to 28 U.S.C. § 2679(d)(2), the notice included a "Westfall" certification. *Id.* at 14-15. It states that employees of the Sophie Trettevick Indian Health Center and Lower Elwha Health Clinic were acting within the course and scope of their employment and are covered by the Federal Tort Claims Act ("FTCA"),  28 U.S.C. §§ 1291, 1346, 1402, 2401, 2402, 2411, 2412, 2671-80. *Id.*

The United States now moves to be substituted as the sole party defendant and to dismiss the case for failure to file an administrative claim within the statute of limitations. Dkt. 5-1.

## II. DISCUSSION

### A. SUBSTITUTION OF THE UNITED STATES

According to the doctrine of sovereign immunity, the United States is immune from suit unless it unequivocally consents to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The terms of the consent define the court's jurisdiction. *Id.* The FTCA is a limited waiver of sovereign immunity:

> [T]he district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The FTCA requires the court to strike a balance. On the one hand, the Act is to be liberally construed to effect its legislative purpose of allowing aggrieved persons to seek relief from the government for its negligence. *See U.S. v. Yellow Cab Co.*, 340 U.S. 543, 555 (1951). On the other hand, the waiver of sovereign immunity is to be strictly construed. *See Blair v. I.R.S.*, 304 F.3d 861, 867 (9th Cir. 2002).

Under the FTCA, a plaintiff's sole remedy for the negligence of government employees acting within the scope of their employment is to sue the United States. 28 U.S.C. § 2679(b). When a plaintiff instead files suit against the employees themselves, the action is deemed to be against the United States and the United States is substituted as defendant upon certification by the Attorney General or his delegee that the employee was acting within the scope of employment. 28 U.S.C. §

2679(d)(1).

The plaintiff may challenge a Westfall certification. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991). When reviewing the Attorney General's Westfall certification, the court uses the *de novo* standard of review. *Meridian Int'l Logistics*, 939 F.2d at 745. The test for whether an employee's actions were within the scope of employment depends upon *respondeat superior* principles provided by the law of the state where the conduct occurred. *See McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001); *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir. 1996). In Washington State, "[t]he act of a servant is within the scope of his employment if it occurs while he was engaged in the work for which he was employed, at a time when, and in a place where, he is subject to the control of the master." *Rice v. Garl*, 2 Wn.2d 403, 408 (1940).

There is no challenge to the Westfall certification before the Court, and the plaintiffs have not responded to the motion. The Court should therefore grant the motion and substitute the United States as the sole defendant in this matter.

## B. DISMISSAL FOR FAILURE TO FILE AN ADMINISTRATIVE CLAIM

A claim against the United States must be presented to the appropriate federal agency within two years of after the claim accrues. 28 U.S.C. § 2401(b). After the agency's final denial of a claim, the plaintiff has six months to seek judicial review. *Id.* District courts have exclusive jurisdiction to review such denials. 28 U.S.C. § 1346(b). If the plaintiff fails to comply with these claim filing requirements, the plaintiff's suit is barred. 28 U.S.C. § 2401(b).

Here, the United States presents evidence that the plaintiffs failed to file an administrative claim. *See* Dkt. 1 at 16-17. The plaintiffs fail to refute this evidence, and the motion to dismiss should be granted.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the United States' Motion to Substitute the United States as the Sole Defendant and to Dismiss for Failure to File a Claim (Dkt. 5-1) is **GRANTED**, and this case is

**DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of October, 2006.

_____
Robert J. Bryan
United States District Judge